UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20219-CIV-LENARD
MAGISTRATE JUDGE P.A. WHITE

VICTOR OSAGIE,                          :

    Plaintiff,                      :

v.                                      :          PRELIMINARY REPORT
                                                   OF MAGISTRATE JUDGE
METRO DADE CORRECTIONS
ET AL.,                                 :

    Defendants.                     :
_____

## I. Introduction

Victor Osagie filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983.[DE# 1]. Osagie paid the Clerk's full filing fee.

This cause is presently before the Court for initial screening of the complaint pursuant to 28 U.S.C. §1915A.

## II. Analysis

Pursuant to 28 U.S.C. §1915A, this Court must review all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See <u>In re Prison Litigation Reform Act</u>, 105 F.3d 1131, 1134 (6 Cir. 1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, <u>regardless of whether the inmate paid the full filing fee</u>, is a pauper, is _pro se_, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). This statute provides, in relevant part:

    Sec. 1915A. Screening

>   (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>   (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.
>
>   (c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on

factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility

3

of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III. Claims

The plaintiff names as defendants Officers Narvarro and Fernandez, employed by the Metro Dade Corrections Department. He states that on January 18, 2006, Officer Navarro accused him of pushing or touching the officer. This resulted in Officers Navarro and Fernandez using excessive force, resulting in a fracture of his left ribs. He was initially charged with assault upon Officer Navarro, however the charges were Nolle Prossed in July, 2009.

The plaintiff also alleges lack of medical attention for his fractured ribs, but fails to name any defendants. He seeks monetary damages and other relief.

### A. Excessive Force

The plaintiff claims that his constitutional rights were violated when Officers Navarro and Fernandez used excessive force by beating him.[2] An allegation of an unjustified, brutal use of

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] Because it appears that the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v.

force against an inmate by a guard states a claim under §1983. Perry v. Thompson, 786 F.2d 1093 (11 Cir. 1986). The plaintiff has minimally stated a claim against the two officers.

The plaintiff has stated other unnamed officers were involved. He will have to file a proposed amended complaint at such a time as when he discovers the names of these officers.

### Medical Treatment

The plaintiff claims a delay in medical treatment due to the nurses's assumption that "he was faking the extent of his injuries.". The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). In this case, the plaintiff has not stated sufficiently what medical treatment he required, what named defendants withheld this treatment, and what injuries resulted. Therefore this claim will not go forward at this time. The plaintiff must file a proposed amended complaint to specifically cure the deficiencies related to this claim for the claim to proceed.

---

DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir. 1985).

5

## IV. Conclusion and Recommendations

1. The claims of use of excessive force by Officers Navarro and Fernandez may proceed at this time. Because the plaintiff has paid the full filing fee, he must obey the following instructions:

i.   The plaintiff must secure service upon the defendants in accordance with the provisions of Fed.R.Civ.P. 4.

ii.  Failure to achieve service within 120 days after filing of the Complaint may result in dismissal of this case pursuant to Fed.R.Civ.P. 4(m).

iii. The plaintiff is cautioned that merely mailing summonses and copies of the complaint to the Clerk of Court will not result in service of process. The plaintiff may request a waiver of service of summons from the defendants in accordance with Fed.R.Civ.P. 4(d). Thereafter, if the defendants do not waive service, the plaintiff must make arrangements with a person authorized to make service under Fed.R.Civ.P. 4(c).

iiii. If the plaintiff is financially unable to arrange for service of process, he may submit a motion to proceed in forma pauperis, with supporting financial affidavit.

2. The claim of delay of medical treatment is dismissed without prejudice, to renew in a proposed amended complaint, as stated above.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 7th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Victor Osagie, pro Se
    M55032
    Desoto Correctional Institution
    Arcadia, FL.
    Address of Record