```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-20219-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE
```

VICTOR OSAGIE,                       :

    Plaintiff,                   :

v.                                   :         PRELIMINARY REPORT
                                                            OF MAGISTRATE JUDGE
METRO DADE CORRECTIONS
ET AL.,                              :

    Defendants.                  :
_____

## I.  Introduction

Victor Osagie filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983.[DE# 1]. Osagie paid the Clerk's full filing fee.

This cause is presently before the Court for initial screening of the second complaint (DE#9) filed pursuant to 28 U.S.C. §1915A.

## II.  Analysis

Pursuant to 28 U.S.C. §1915A, this Court must review all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6 Cir. 1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). This statute provides, in relevant part:

    Sec. 1915A. Screening

>(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>(b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.
>
>(c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on

factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility

3

of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III. Claims

The plaintiff named in his first complaint defendant Officers Narvarro and Fernandez, employed by the Metro Dade Corrections Department. He stated that on January 18, 2006, Officer Navarro accused him of pushing or touching the officer. This resulted in Officers Navarro and Fernandez using excessive force, resulting in a fracture of his left ribs. He was initially charged with assault upon Officer Navarro, however the charges were Nolle Prossed in July, 2009.

The plaintiff also alleged lack of medical attention for his fractured ribs, but failed to name any defendants. He seeks monetary damages and other relief.

A Preliminary Report recommended that the claims of use of excessive force by Officers Navarro and Fernandez may proceed at this time. Because the plaintiff has paid the full filing fee, he was instructed on how to serve the defendants.

It was recommended that the claim of delay of medical treatment be dismissed without prejudice, to renew in a proposed

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

amended complaint, because no defendants were named in the complaint.

Review of the plaintiff's second complaint, captioned "Initial Complaint" (DE#9) reveals that the defendants related to his medical claims remain as Jane Does. The Court cannot effect service upon these defendants and the recommendation of the Undersigned Magistrate Judge remains unchanged. Further there are no new claims related to Officer Navarro and Fernandez. Director Charles Mcray is named solely in his supervisory position. He cannot be sued for liability merely for an improper or even unconstitutional act of his employees under a theory of respondeat superior.  If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989).  The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra).  See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability). It is therefore recommended that he be dismissed.

## IV. Recommendation

The plaintiff's "Initial Complaint " (DE#9) has added no new substantive claims, or additional defendants amenable to service. It is recommended that this complaint (DE#9) be stricken, for the reasons stated above.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 28th day of April, 2010.

UNITED STATES MAGISTRATE JUDGE

cc: Victor Osagie, pro Se
    M55032
    Desoto Correctional Institution
    Arcadia, FL.
    Address of Record